IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHUKWUMA E. AZUBUKO,
Plaintiff,

v.

Case No. 2:05-CV-363
JUDGE EDMUND A. SARGUS, JR.

CITY OF BOSTON – PARKING CLERK,
Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Chukwuma E. Azubuko's motion for relief from judgment. Doc. 23. For the reasons below, Plaintiff's motion is **DENIED**.

I.

Plaintiff proceeds without the assistance of counsel. He initiated this case in January of 2005 against the parking clerk for the City of Boston, Massachusetts. Doc. 1. Plaintiff alleged that the parking clerk wrongfully towed his vehicle from where it was parked on Columbus Avenue in Boston. Doc. 6 at 2. Based on this, he asserted a claim of racial discrimination under 42 U.S.C. § 1983. *Id.* On April 13, 2005, the Court dismissed the case after an initial review according to 28 U.S.C. § 1915(e)(2). Doc. 5. Since then, Plaintiff has filed—among other motions—a motion to reopen the case, doc. 8, a motion to reconsider the order denying that motion, doc. 11, and a motion to reconsider denying that second motion, doc. 15. Plaintiff subsequently appealed the Court's denial of the second motion for reconsideration. Doc. 17. The Court certified that Plaintiff's appeal not be taken in good faith, and denied his motion for leave to appeal *in forma pauperis*. Doc. 20.

1

Plaintiff now moves for relief from judgment according to Federal Rule of Civil Procedure 60(b). Doc. 23. He specifically does so under Rule 60(b)(4) (allowing district courts to grant relief from final judgment where "the judgment is void"), and Rule 60(b)(6) (allowing relief for "any other reason that justifies" it). *Id.*

## II.

Rule 60(b) serves as a path for parties to obtain post-judgment relief. *See* F. R. Civ. P. 60(b). Relief under the rule lies within the sound discretion of the district court. *See Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). The Rule sets out five specific reasons and one general catch-all reason that would allow a district court to grant post-judgment relief. The five specific reasons are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. . . .

Plaintiff points in part to 60(b)(4)—that "the judgment is void"—for support of his motion. However, the actual substance of the motion cannot be read to relate in any way to 60(b)(4). And none of the additional arguments Plaintiff presents in support of his motion can be characterized as seeking relief under any of the other express reasons. Instead, Plaintiff makes the following arguments for post-judgment relief: (1) "superlative existence of jurisdiction," (2) "irrefutable existence of venue," and (3) "*stare decisis* in constitutional law." Doc. 23 at 2. These justifications for relief therefore lie within 60(b)'s remaining, catch-all provision contained in 60(b)(6): "any other reason justifying relief from the operation of the judgment."

2

Several considerations guide the Court's consideration of a motion under Rule 60(b)(6). First, 60(b)'s listed grounds for relief "relate to, if not require, new information about the case that could not reasonably have been discovered earlier." *GenCorp., Inc. v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2007); *see id.* ("That is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." (internal quotation marks omitted)). Courts also "apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Ford Motor Co. v. Mustangs Unltd., Inc.*, 487 F.3d 465, 468 (6th Cir. 2007). As for the "something more," it "must include unusual and extreme situations where principles of equity *mandate* relief." *Id.* (emphasis in original). Finally, only a "few cases" have "elaborat[ed] on the 'something more' that is required. This may be explained . . . by the fact that clauses 1–5 of the Rule cover almost every conceivable ground for relief." *Id.* at 469.

Plaintiff's reasons for his 60(b) motion do not meet the high standard necessary to prevail according to 60(b)(6). His motion restates arguments that this Court has considered and rejected previously. The Court held in 2005 that it lacked jurisdiction over the Massachusetts-based Defendant. *See* doc. 16 at 4. Plaintiff attacks this by stating the following—"That existed constitutionally statutorily procedurally. To argue otherwise would be tantamount to speaking against the sun." Doc. 23 at 2 (citations omitted). This argument fails to persuade the Court that it should exercise its 60(b) powers for the purpose of "substantial justice." *Ford Motor Co.*, 487 F.3d at 468. The Court also held in 2005 that this district is not the proper venue for a case in which the underlying facts occurred in Massachusetts, and a case in which the Defendant appears to be a resident of Massachusetts. *See* doc. 16 at 4–5. Plaintiff attacks this by saying that venue

3

"was as plain as the nose on the face!" and by pointing to "anti-trust law violations." Doc. 23 at 2. Again, these arguments do not relate to any new information, nor do they evidence the kind of "exceptional or extraordinary circumstances" that typically warrant 60(b)(6) relief. *GenCorp., Inc.*, 477 F.3d at 372. Finally, in a section entitled "*stare decisis* in constitutional law," Plaintiff primarily puts forth general case citations regarding personal jurisdiction. Like his other two arguments, this fails to present the kind of new information or the kind of extraordinary situation that might support relief under Rule 60(b).

### III.

For the foregoing reasons, Plaintiff's motion for relief from judgment, doc. 23, is **DENIED**.

12-17-2013
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

4